19 So.2d 399

## WILSON v. WILSON et al.

4 Div. 308.

Supreme Court of Alabama.

Oct. 11, 1944.

W. S. Wilson, of Dothan, for appellant.

Martin & Jackson, H. R. McClintock, and C. R. Lewis, all of Dothan, for appellees.

BROWN, Justice.

The appeal is from a final decree of the circuit court, in equity, passing the accounts and vouchers of B. G. Farmer, as administrator de bonis non of the estate of John P. Wilson, deceased, with will annexed on final settlement of said estate, which had been duly removed into said court for administration. The appeal is by Addie A. Wilson, one of the residuary legatees under the will, questioning the correctness of the decree in "directing and ordering disbursements of the funds of said estate" among the legatees thereof in accordance with and as set out by the decree, towit:

"It appears from the file in this cause that the sum of $137.91 now in the hands of said administrator arose from said garnishment proceedings, and it is the judgment and opinion of the Court that said Hosea Earl Wilson is not entitled to receive said $137.91, or any part thereof, but that said sum is liable to its proportionate amount of costs incurred in this final settlement, including the fee to the solicitors of said administrator.

"It further appears to the satisfaction of the Court that the sum of $1353.79 now in the hands of said administrator was received from sources other than the garnishment proceedings against said insurance companies, and it is the judgment of the court that Hosea Earl Wilson is entitled to receive said sum after paying its proportionate amount of costs incurred in this final settlement, including the fee of said administrator's solicitors of record.

"It appears from the will of said John P. Wilson that only three beneficiaries were named in said will, towit, Hosea Earl Wilson, with a special bequest of $5000.00, and Addie A. Wilson and John T. Wilson, as residuary legatees.

"It further appears to the satisfaction of the court that said Hosea Earl Wilson has received no part of said special bequest of $5000.00, and that the funds now in the hands of said administrator constitute all of the assets of the estate of John P. Wilson, deceased.

"Since the aforesaid sum of $137.91 arose and came from the garnishment proceedings herein above, in this decree, referred to, and since the said Hosea Earl Wilson released his claim so far as *same pertained to John T. Wilson in said garnishment proceedings based on aforesaid special bequest* of $5000.00, it is the judgment and opinion of the court that said Hosea Earl Wilson should receive no part of said $137.91, and the Court so adjudges and decrees.

"Since said John T. Wilson has not paid in full the aforesaid judgment, it would be inequitable for him to receive any part or portion of said $137.91 as the same represents an amount paid by him on said judgment, and it is the judgment and opinion of the court that Addie A. Wilson, as a residuary legatee, would be entitled to receive the balance remaining of said $137.-91 after the payment of costs in this case, including solicitors' fees of said administrator's solicitors, and the Court so adjudges and decrees.

"It appears to the satisfaction of the court that the ratio of the two funds, that is, the funds arising from the garnishment proceedings and the funds arising from sources other than said garnishment proceedings, is approximately one to ten; therefore,

"It is ordered by the Court that said B. G. Farmer be, and he is hereby directed to pay one-tenth of the balance remaining in his hands after the payment of the items hereinafter ordered, to Addie A. Wilson, and nine-tenths of said balance to Hosea Earl Wilson."

The garnishment proceedings referred to above in said excerpt from the decree, and to further quote from the decree, are:

"It appears from the court file introduced in evidence at this hearing that several years ago a judgment was rendered against aforesaid John T. Wilson and W. S. Wilson, Sr., said judgment aggregating the sum of $6485.66, and that quite a while after said judgment an attempt was made by the then personal representative of the estate of John P. Wilson, deceased, to collect said judgment by issuing writs of garnishment directed against certain insurance companies that had outstanding certain policies in which said John T. Wilson was beneficiary.

"It further appears to the satisfaction of the Court that said Hosea Earl Wilson was the son of John T. Wilson.

"It further appears from said file that the said Hosea Earl Wilson released his claim

for his special bequest of $5000.00 as against the said John T. Wilson so far as the same pertained to the *funds tied up by aforesaid garnishment proceedings.*"

The contention of the appellant here is that Hosea Earl Wilson was and is not entitled to receive any part of the funds in the hands of the administrator because of an alleged release executed by him and filed in the cause, to state its general effect, releasing the funds of his father John T. Wilson from said garnishment proceedings; and is estopped by said release from claiming or accepting any part of the funds of the administrator, the greater portion of which was recovered from the estate of W. S. Wilson.

We are confronted with the fact that the appeal here is on an abbreviated record, and while the answer of appellant filed in the circuit court as an objection to the distribution of said funds, appears to set out in haec verba said release, it does not appear from this record that the release itself was offered in evidence and noted as a part of the evidence on said hearing. Equity Rule 57, Code 1940, Tit. 7, Appendix p. 1095.

We are not in position, in the absence of the release duly offered and noted, to review the court's interpretation and application of that release. Moreover, in the light of Section 381, Tit. 7, Code 1940, which provides, "All receipts, releases, and discharges in writing, whether of a debt of record, or a contract under seal, or otherwise, must have effect according to the intention of the parties thereto," assuming that the release as pleaded was proven, we are persuaded that the court properly interpreted it as applying to the funds of John T. Wilson seized in the garnishment proceedings.

It appears without dispute that John T. Wilson has not paid the judgment or made restitution of the funds of the estate which he willfully converted, while co-executor of the will. He was not equitably entitled to participate in the distribution of the $137.91, which was brought into the hands of the administrator through the garnishment proceedings against him; and, therefore, the cross assignment of error made by the appellees is without merit.

We find no error in the record.

Affirmed.

THOMAS, LIVINGSTON, and STAKELY, JJ., concur.